UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| TARA STEFANELLI, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:22-CV-573-CHB |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| LOUISVILLE WATER COMPANY, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

*** *** *** ***

This matter is before the Court on Defendant Louisville Water Company's Motion for

Partial Dismissal of Plaintiff's Complaint. [R. 5]. Plaintiff Tara Stefanelli responded, and

Louisville Water replied. [R. 7; R. 8]. The matter is ripe for review. For the reasons that follow,

Louisville Water's motion will be denied.

## I.    Background

Plaintiff originally filed suit on September 25, 2022, in Jefferson Circuit Court. [R. 1-3, p.

1]. Plaintiff is a former employee of Louisville Water. [*See id.* at 2]. In her Complaint, she alleges

that she suffers from Carpal Tunnel Syndrome, "which has affected her arm and hand, preventing

her from having full use of them," Gastroesophageal Reflux Disease (GERD), anxiety, depression,

and migraine headaches. [*Id.* at 2-3]. According to her Complaint, Plaintiff has sought intermittent

leave when her conditions flare up or otherwise become debilitating and she has sought leave for

disability-related medical treatment. [*Id.* at 3].

Plaintiff alleges that she endured ridicule and inappropriate comments related to her

conditions from supervisors at Louisville Water and that supervisors told others about her medical

conditions, including about a partial hysterectomy in 2021 and about accommodations for her

conditions.  [*Id.* at 3-4].  For example, Plaintiff alleges that one supervisor stated during a widely attended teleconference in October 2021 that Plaintiff was using the system to "take advantage" and "get paid to stay at home and take a nap."  [*Id.*].  Plaintiff also alleges she was "forced" to transition into a new role after complaining that she was not paid on par with other Executive Assistants at the company.  [*Id.* at 3].

According to her Complaint, Plaintiff complained to Human Resources, seeking an investigation "into what appeared to be serious disability and medical leave bias."  [*Id.* at 4].  She maintains that, in the aftermath of hearing the "get paid to stay home and take a nap" comments, her anxiety and depression symptoms spiked, and in November 2021, her primary care physician took her off work due to the severe emotional strain that witnessing the bullying and torment had caused her.  [*Id.*].

Plaintiff next alleges that she had surgery in December 2021 to alleviate her Carpal Tunnel Syndrome, but when she made attempts to return to work, Louisville Water refused to accommodate her or to permit her to work.  [*Id.* at 4-5].  Plaintiff submits that she was eventually permitted to return to work, but under one of the individuals who had created a hostile work environment for her.  [*Id.* at 5].  Plaintiff further alleges that she was unable to endure the anxiety, humiliation, and distress the conditions of her employment caused, and when she asked Human Resources to reassign her, the company refused, so Plaintiff "relinquished her employment."  [*Id.* at 5-6].

Plaintiff obtained a right-to-sue notice from the Equal Employment Opportunity Commission in June 2022 before filing suit.  [*Id.* at 2].  Through her Complaint, she pleads the following claims: disability discrimination (Count One); hostile work environment based on

disability (Count Two); failure to accommodate disability (Count Three)[1]; KCRA retaliation (Count Four); Family Medical Leave Act (Count Five); and disclosure of employee medical information (Count Six). [*See id.* at 6-11].

Louisville Water removed the action to this Court on October 26, 2022. [R. 1]. Shortly thereafter on November 2, 2022, the company filed its instant motion for partial dismissal and an answer to Plaintiff's other claims. [R. 5]. Through its motion, Louisville Water asks the Court to dismiss Count Six of Plaintiff's Complaint for failure to state a claim upon which relief may be granted. [*See id.* at 1 (citing Fed. R. Civ. P. 12(b)(6))]. Plaintiff responded to the motion, and Louisville Water replied. [R. 7; R. 8]. The matter thus stands submitted for review.

## II.   Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a claim for failure to state a claim. To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Further, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (cleaned up). Simply stated, when ruling on a motion to dismiss under Rule 12(b)(6), the Court "must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (per curiam).

---

[1] Counts One, Two, and Three cite the Kentucky Civil Rights Act ("KCRA") and the Americans with Disabilities Act, as amended ("ADA/ADAAA"). [*See* R. 1-3, pp. 6-8].

### III.    Analysis

"The ADA strictly limits the type of inquiries an employer may make regarding its employees' medical conditions as well as the uses to which this information may be put once it is gathered." *E.E.O.C. v. Ford Motor Credit Co.*, 531 F. Supp. 2d 930, 936 (M.D. Tenn. 2008) (discussing 42 U.S.C. §§ 12112(d)(3) and (4)).  Relevant here, in Count Six of her Complaint, Plaintiff alleges that employees of Louisville Water improperly disclosed her medical information under the ADA.  [*See* R. 1-3, p. 11 (citing § 12112(d)(3)(B))].

Through its motion, Louisville Water asks the Court to dismiss this count of the Complaint and maintains that the statute Plaintiff relies on in support of her claim, 42 U.S.C. § 12112(d)(3)(B), does not apply to the factual scenario that she has alleged.  [*See* R. 5, pp. 3-4]. Specifically, Louisville Water argues that Subsection (3) of the statute focuses on "employment entrance examinations" and that "there is no allegation that [Louisville Water] required a medical examination of Stefanelli when she was a job applicant prior to the commencement of her duties in 2016."  [*Id.* at 4].

In her Response, Plaintiff discusses the ADA's confidentiality rule, which she describes as barring "employers from disclosing a worker's medical information – known to it because the worker disclosed it in the course of taking leave or seeking other accommodation – to people who do not have a statutory need to know."  [R. 7, pp. 1-2].  Plaintiff further submits that the various subsections of § 12112, including Subsection (3) and Subsection (4), should be read together, and when done so, it becomes apparent that "the Subsection (3) guarantees of confidentiality are not limited to pre-employment inquiries, as Defendant misunderstands." [*Id.* at 2-3].

The Court views Louisville Water's position as wholly unavailing.  Indeed, through her Complaint (and her Response to the motion to dismiss), Plaintiff has outlined the theory on which

she bases Count Six: that she gave Louisville Water information about her medical conditions after being hired and in connection with leave requests and that such information was unlawfully disclosed. [*See* R. 1-3, ¶¶ 18, 26, 104-111]. Plaintiff is clearly not alleging disclosure of medical information in connection with a pre-employment examination.

Further, as Plaintiff explains, Subsection (3) and Subsection (4) of § 12112 are, like many statutes, to be read in conjunction. As the Middle District of Tennessee explained in *Ford Motor Credit Co.*:

> [T]he statutory language [] defines two narrow situations where medical information may be obtained from an employee—pursuant to "voluntary medical examinations" and "inquiries into the ability of an employee to perform job related functions," 42 U.S.C. § 12112(d)(4)(B)—and then applies the confidentiality provision of § 12112(d)(3)(B) to all information so obtained.

*See Ford Motor Credit Co.*, 531 F. Supp. 2d at 940. In other words, the plain text of the statute and case law make clear that § 12112(d)(3)(B) applies to more than just medical information obtained through a pre-employment examination.

Therefore, Louisville Water's overly technical argument, on which it bases its motion to dismiss, fails. It is not fatal to Plaintiff's claim that she did not cite *every subsection* of a statute that provides support for her claim.[2] *Cf. Beeler v. United States*, 338 F.2d 687, 689 (3d Cir. 1964) ("It is well settled that the recitation of a statute can neither deprive a court of jurisdiction nor confer jurisdiction upon it. It is the operative facts pleaded which alone can do that.").

Finally, the Court observes that, because this case involves a motion to dismiss for failure to state a claim, the question is not whether Plaintiff will ultimately prevail on her improper disclosure claim, but whether her "complaint was sufficient to cross the federal court's threshold."

---

[2] It would be curious for the Court to dismiss Count Six for failing to cite Subsection (4) of the statute when it could simply grant Plaintiff leave to amend her Complaint under Rule 15 to refer to that subsection or when Plaintiff could have merely cited § 12112(d) without reference to any subsections and Louisville Water's concerns would seemingly be alleviated.

*Skinner v. Switzer*, 562 U.S. 521, 529-30 (2011).  "[U]nder the Federal Rules of Civil Procedure, a complaint need not pin plaintiff's claim for relief to a precise legal theory."  *Id.* at 530.  Instead, Rule 8(a)(2) "generally requires only a plausible short and plain statement of the plaintiff's claim, not an exposition of his legal argument."  *Id.* (citing 5 C. Wright & A. Miller, Federal Practice & Procedure § 1219, pp. 277-278 (3d ed. 2004 and Supp. 2010)).

In this case, Plaintiff has alleged facts sufficient to state a claim that employees at Louisville Water improperly disclosed her medical information under the ADA.  [*See* R. 1-3, pp. 3, 11].  How these facts fall within the ADA's confidentiality rule will be an area the parties can litigate.  *See Ford Motor Credit Co.*, 531 F. Supp. 2d at 937 ("[I]n order to demonstrate an unlawful disclosure under the ADA, the plaintiff must show that the defendant obtained knowledge of [her] medical condition pursuant to an inquiry and that the information was not protected by the defendant as required by § 12112(d)(3)(B).").  Because Plaintiff has put Louisville Water on notice of the legal theory supporting Count Six, both in her Complaint *and* in her Response to the company's motion, the Court will not dismiss that count for failure to state a claim.  *See generally Bannister v. Knox Cnty. Bd. of Educ.*, 49 F.4th 1000, 1012 (6th Cir. 2022) ("While the Bannisters did not need to identify this theory in their complaint, they could not sit idly by when the School District moved to dismiss that complaint on statute-of-limitations grounds.  If they believed that they had timely filed their claim under this theory, they should have explained it in their response to the School District's motion to dismiss.") (internal citation omitted).

## IV.    Conclusion

For the foregoing reasons, and the Court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** as follows:

1. Defendant Louisville Water Company's Motion for Partial Dismissal of Plaintiff's Complaint [R. 5] is **DENIED**.

This the 28th day of June, 2023.

Claria Horn Boom

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY